# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
March 6, 2020

Lyle W. Cayce
Clerk

No. 19-10072

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RODNEY WYNN,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:18-CV-1811

Before SMITH, COSTA, and HO, Circuit Judges.

PER CURIAM:[*]

Rodney Wynn, federal prisoner # 50077-177, pleaded guilty to kidnapping and aiding and abetting the substantive offense of kidnapping in violation of 18 U.S.C. §§ 1201(a) and 2. The district court sentenced Wynn to 293 months of imprisonment and to five years of supervised release. Wynn moves for a certificate of appealability (COA) to challenge the district court's dismissal of his 28 U.S.C. § 2255 motion.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-10072

According to Wynn, defense counsel was ineffective for advising him to challenge the enhancements to his sentence, which resulted in the loss of an adjustment under U.S.S.G. § 3E1.1 for acceptance of responsibility. He further argues that the district court erred in dismissing his claim of ineffective assistance of counsel without ordering the Government to respond to his § 2255 motion and without ordering defense counsel to submit an affidavit addressing Wynn's allegations or holding an evidentiary hearing.

To obtain a COA, Wynn must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, claims are rejected on the merits, the prisoner must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" or that the issues presented "deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Wynn has failed to demonstrate that he deserves encouragement to proceed further on his claim of ineffective assistance of counsel. *See id*. Because he has not shown that he had a meritorious claim for relief under § 2255, the district court was not obliged to order a response from the Government or request an affidavit from Wynn's counsel. *See* Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts. As such, his motion for a COA to raise these claims is denied.

With respect to Wynn's claim that the district court should have held an evidentiary hearing, a COA is not required to appeal the denial of an evidentiary hearing in a federal habeas proceeding. *Norman v. Stephens*, 817 F.3d 226, 234 (5th Cir. 2016). We therefore construe his motion for a COA with respect to the district court's failure to hold an evidentiary hearing as a direct appeal of that issue. *See id*.

No. 19-10072

This court reviews a district court's refusal to grant an evidentiary hearing on a § 2255 motion for abuse of discretion. *United States v. Cavitt*, 550 F.3d 430, 435 (5th Cir. 2008). To show abuse of discretion, Wynn must come forward with "independent indicia of the likely merit of [his] allegations." *Id.* at 442 (citation omitted). Wynn does not attempt to explain why an evidentiary hearing was necessary in his case, what such a hearing would have shown, or why the district court abused its discretion by failing to conduct such a hearing. Accordingly, the district court's dismissal of Wynn's § 2255 motion without an evidentiary hearing is affirmed.

COA DENIED; AFFIRMED.